UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GARY LA BARBERA, THOMAS GESUALDI,
LOUIS BISIGNANO, ANTHONY PIROZZI,
DOMINICK MARROCCO, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
PIALI and DENISE RICHARDSON, as Trustees and
Fiduciaries of the Local 282 Welfare, Pension,
Annuity, Job Training, and Vacation and Sick Leave
Trust Funds,

        Plaintiffs,

-against-

VLF11 MANAGEMENT CORP.,

        Defendant.
-----------------------------------------------------------------x

DECISION and ORDER

08-cv-2615 (ENV)(MDG)

VITALIANO, D.J.

  Plaintiffs, Trustees and Fiduciaries of the Local 282 Welfare, Pension, Annuity, Job Training, and Vacation and Sick Leave Trust Funds, bring this E.R.I.S.A. action to collect allegedly delinquent contributions owed by defendant VLF11 Management Corp. On August 20, 2009, Magistrate Judge Marilyn D. Go issued a Report and Recommendation that the Court strike the answer of defendant VLF11 Management Corp. and enter default against it. No objection to Judge Go's Report and Recommendation has been made by any party within the time prescribed by 28 U.S.C. § 636(b)(1) or otherwise.

  In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself

that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The Court finds Judge Go's Report and Recommendation as to the striking of defendant's answer and entry of default against it to be comprehensive, well-reasoned, and free of any clear error. While entry of default is an extreme sanction, it is appropriate under these circumstances. Defendant was clearly advised that a corporation may not appear in federal court pro se, and nevertheless ignored a direct court order to obtain legal representation by licensed counsel accompanied by a warning that failure to do so would result in a judgment of default. Subsequently, defendant failed to send anyone at all (neither counsel nor corporate officer) to appear on its behalf at a scheduled court conference. The Court therefore adopts the Report and Recommendation in its entirety as the opinion of the Court.

Accordingly, defendant's answer is stricken and a default judgment is entered against it. An inquest to determine relief will be held before Judge Go, at a time to be set by her. Affidavits of service shall be filed before the inquest.

SO ORDERED.

Dated: Brooklyn, New York
October 28, 2009

ERIC N. VITALIANO
United States District Judge